■ In the Matter of IRVING EISENSTEIN, Appellant-Respondent, v LOUIS DE SARIO, as Community Superintendent of School District 31 of the Board of Education of the City of New York, Respondent-Appellant. — In a proceeding pursuant to CPLR article 78 to compel respondent-appellant to supply petitioner with private counsel of his own choice in both a criminal action and an administrative proceeding commenced against him and to incur petitioner's attorney's fees and other litigation expenses pursuant to section 3028 of the Education Law the parties cross-appeal from a judgment of the Supreme Court, Richmond County (Hurowitz, J.), dated March 14, 1984, which denied petitioner's application without prejudice to renewal after completion of the criminal proceedings and upon a determination that his actions were within the scope of his employment.

Judgment modified, on the law, by deleting the provisions granting petitioner leave to renew and substituting therefor a provision dismissing the proceeding on the merits, without the opportunity for renewal. As so modified, judgment affirmed, without costs or disbursements.

Petitioner, a social studies teacher at Markham Intermediate School 51, was involved in an altercation with a student on January 26, 1984. Among the allegations, it is charged that petitioner kneed the student in the groin area and in the face while said student was being restrained. As a result of said incident, both a criminal action and an administrative proceeding by the State Education Department were commenced against petitioner who sought legal representation and expenses in each case. Although Special Term denied the relief requested, it allowed petitioner the opportunity to renew his application with regard to both the criminal action and the administrative proceeding on stated conditions.

Section 3028 of the Education Law limits the duty of a school district regarding the appointment of counsel and payment of counsel fees to judicial actions and proceedings rather than to administrative disciplinary hearings. "It is not the duty of the public to defend or aid in the defense of one charged with official misconduct" (*Matter of Chapman v City of New York*, 168 NY 80, 86). As respects the criminal action, petitioner undisputedly failed to comply with the statute's condition precedent to obtaining the relief therein authorized, i.e., serving upon respondent the actual or a copy of the accusatory instrument with which he had been served, within 10 days of its service upon him. Accordingly, petitioner's application was properly denied, and petitioner should be afforded no opportunity to renew. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.